UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN D. JUSTICE,

           Plaintiff,

      v.

TERRY KING, et al.,

           Defendants.

DECISION & ORDER

08-CV-6417CJS

---

Plaintiff John D. Justice ("Justice") initiated this *pro se* action on May 9, 2008, alleging that defendants have conspired to violate his constitutional rights. (Docket # 1). Justice amended his complaint once. (Docket # 22). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 66).

Specifically, Justice seeks the appointment of counsel to assist him with serving the amended complaint on three defendants, Tom Totora ("Tortora"), Dr. Arvind Samant ("Samant"), and Ronald Tills ("Tills"). (*Id*. at ¶ 2). Justice also seeks an extension of time to effect service upon the three defendants. (*Id*. at ¶ 13). Since the filing of the instant motion, Tortora has been served with and has answered the amended complaint. (Docket ## 72-73). In addition, Justice has since filed a motion for default judgment as to Tills, which states that Tills was served and has failed to answer the complaint. (Docket # 71 at ¶¶ 4-5). Thus, the remaining defendant Justice seeks to serve is Samant.

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C.

§ 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)

(denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, the legal issues in this case do not appear to be complex, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial. It is therefore the Decision and Order of this Court that plaintiff's motion for the appointment of counsel **(Docket # 66)** is **DENIED** without prejudice at this time, and it further ordered that Justice's motion for an extension of 30 days time to serve the complaint **(Docket # 66)** on defendant Samant is hereby **GRANTED**. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
      May  1 , 2009