UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



JOHN D. JUSTICE, 87-B-0385,

        Plaintiff,

   -v-

TERRY KING, et al.,

        Defendants.

DECISION AND ORDER
08-CV-6417CJS(P)

## INTRODUCTION

Plaintiff John D. Justice has filed an appeal from the May 1, 2009, Order entered by United States Magistrate Judge Marilyn W. Payson, denying assignment of counsel. While the Court finds no basis to reverse the denial, for the reasons discussed below, it nevertheless finds that the assisting Plaintiff with service upon Dr. Arvind Samant is appropriate here pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997).

## DISCUSSION

### A. Appeal

Pursuant to 28 U.S.C. § 636(b)(1), the Court referred this case to Judge Payson for all non-dispositive issues prior to trial. (Docket No. 38.) Pursuant to that statute, this Court "may reconsider any pretrial matter...where it has been shown that the magistrate's [magistrate judge's] order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). After reviewing Judge Payson's decision, the Court determines that the order is not clearly erroneous or contrary to law. Accordingly, the May 1, 2009 Order is affirmed.

**B.     Service**

Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court. *See* 28 U.S.C. § 1915(d); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996). Here, the Court granted Plaintiff permission to proceed *in forma pauperis* and, therefore, it became the Court's responsibility to effect service upon defendants. *See Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam); *Moore v. Jackson*, 123 F.3d 1082, 1085-86 (8th Cir. 1997) (If a *pro se* prisoner provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Fed.R.Civ. 4(m)).

With respect to defendant Dr. Arvind Samat, the U.S. Marshal Form USM-285 (Docket No. 9) shows that the Marshal attempted to serve him once by mail on July 16, 2008, pursuant to Fed. R. Civ. P. 4(e) and N.Y.C.P.L.R., § 312-a. The papers were returned, marked "Return to Sender, Not Here" and "Not Deliverable as Addressed" (Docket No. 9).

Accordingly, this Court finds that there is "good cause" to extend the time in which Plaintiff may serve the summons and complaint upon Dr. Samat for an additional 120 days, Fed. R. Civ. P. 4(m); *see Romandette v. Weetabix*, 807 F.2d 309, 311 (2d Cir. 1986) (interpreting Rule 4(j), the predecessor subdivision to Rule 4(m)); *Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir. 1994); *see generally Husowitz v. American Postal Workers Union*, 190 F.R.D. 53, 57-58 (E.D.N.Y.1999) (collecting cases).

2

Further, because plaintiff has provided the identity of the defendant and whatever information he has available to him for service, the Court now directs additional steps be taken to discover where defendant Dr. Samat may be served. The Court requests that the Attorney General ascertain proper addresses for Dr. Samat pursuant to *Valentin v. Dinkins*, 121 F.3d 72. The Attorney General need not undertake to defend or indemnify Dr. Samat at this juncture. This order merely provides a means by which the Court may assist plaintiff in properly serving the defendant as instructed by the Second Circuit in *Valentin*.

The New York State Attorney General is hereby requested to produce the information specified above by **June 29, 2009**. The information should be sent to the Pro Se Office, 304 U.S. Courthouse, 68 Court Street, Buffalo, New York 14202.

Once this information is provided, the Clerk of the Court is directed to issue Summons, prepare the paperwork for service at the address provided and cause the U.S. Marshal to serve the Summons and Amended Complaint on Dr. Arvind Samat.

## ORDER

For the above reasons, the appeal of the May 1, 2009 Order is denied. The time for service upon defendant Dr. Arvind Samat is extended for 120 days from this Order. The New York State Attorney General is directed to provide information by **June 29, 2009**, as to where Dr. Arvind Samat may be served. The information should be sent to the Pro Se Office, 304 U.S. Courthouse, 68 Court Street, Buffalo, New York 14202. Upon receipt of the information, the Clerk of the Court is directed to issue Summons, prepare the paperwork for service at the address provided and cause the U. S. Marshal to serve the

Summons and Amended Complaint on Dr. Arvind Samat. Pursuant to 42 U.S.C. § 1997e(g)(2), the defendant is directed to answer the complaint.

SO ORDERED.

Dated: May 29, 2009
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge