## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

_____

JOHN D. JUSTICE,

                                     Plaintiff,

        -vs-                                            DECISION and ORDER
                                                                   08-CV-6417-CJS

TERRY KING, *et al.*

                                       Defendants.

_____

## INTRODUCTION

**Siragusa, J.** Before the Court are the following motions:

Docket No. 41 — MOTION to Certify Class;

Docket No. 51 — MOTION for Default Judgment;

Docket No. 53 — MOTION to Strike;

Docket No. 57 — MOTION for relief from the Court's prior orders;

Docket No. 62 — MOTION to Strike;

Docket No. 67 — MOTION to Dismiss (Rule 12(b)(6));

Docket No. 71 — MOTION for Default Judgment as to Ronald H. Tills;

Docket No. 79 — MOTION to Strike;

Docket No. 82 — MOTION to Disqualify Counsel; and

Docket No. 98 — Motion for Miscellaneous Relief re [97] Order.

Of the ten pending motions, only Docket No. 67, the motion to dismiss, was filed by Defendants. **This decision addresses only Docket No. 98**. In that application, Plaintiff

requests that the Court overrule an order entered by U.S. Magistrate Judge Marion W. Payson, to whom the case has been referred for all non-dispositive pretrial matters. In her order (Docket No. 97), Judge Payson denied Plaintiff's request to postpone the scheduled Federal Rule of Civil Procedure 16 conference. The conference had been scheduled for June 4, 2009, and adjourned to July 1, 2009, then adjourned to July 29, 2009, then to August 25, 2009, then to October 21, 2009, then to October 22, 2009. The docket indicates that the adjournment from August 25 to October 21 was at Plaintiff's request. Plaintiff now seeks review of that order pursuant to Rule 72. For the Reasons stated below, the Court affirms Judge Payson's order.

## STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), a Magistrate Judge may hear and determine any pretrial matter except those considered to dispositive.[1] As to non-dispositive matters, a District Court is directed to reverse a Magistrate Judge's order only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." With regard to when an order will be clearly erroneous,

> [t]he Supreme Court has held that a finding is clearly erroneous if the reviewing court is left with the definite and firm conviction that a mistake has been committed. Indeed, where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Pursuant to this highly deferential standard of review, a magistrate judge is afforded broad discretion in resolving non dispositive disputes and reversal is appropriate only if their [sic] discretion is abused.

---

[1] Title 28 U.S.C. 636(b)(1)(A) provides that a magistrate judge may not hear and determine a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

*Lyondell-Citgo Refining v. Petroleos De Venezuela*, No. 02 Civ. 0795(CBM), 2005 WL 883485 at *3 (S.D.N.Y. April 14, 2005) (citations and internal quotations omitted). "An order is deemed contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Mitchell v. Goord*, No. 9:03CV00019(GLS), 2005 WL 701096, 2 (N.D.N.Y. Mar. 21, 2005) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

**ANALYSIS**

Plaintiff contends in his application that Judge Payson's order is clearly erroneous in light of the Federal Rule of Appellate Procedure 21(c)[2] proceedings now pending in the Second Circuit. (Docket No. 98, at 4.) In particular, Plaintiff refers to his appellate request for either a change of venue, or reassignment to another judge. Plaintiff has the following cases either open and pending, or closed, in the Western District of New York:

    1:08-CV-00351-WMS Justice v. King et al filed 05/09/08, closed 09/12/08;

    6:08-CV-06417-CJS-MWP Justice v. King et al filed 05/09/08;

    6:09-CV-06054-CJS Justice v. Graham filed 02/06/09; and

    6:09-CV-06287-CJS Justice v. Graham filed 06/02/09, closed 08/10/09.

The subject case was originally numbered 1:08-CV-00351 and assigned to the Honorable William M. Skretny of the Buffalo Division of the Western District of New York. However, Judge Skretny recused himself and the case was reassigned to the Rochester Division of the Western District of New York and given case number 08-CV-6417. *Justice v. Graham,* 09-CV-60564, is a *habeas corpus* proceeding, and in that case, Plaintiff has also requested an

---

[2]Federal Rule of Appellate Procedure 21(c) is an application for an extraordinary writ.

adjournment (Docket Nos. 24 & 25) while he makes a motion to the Second Circuit for a change of venue or reassignment of the case to another judge. In that application, he stated, as of August 9, 2009, "I will be filing my Notice of Appeal shortly, along with my motions for poor person relief and a Certificate of Appealability. Those motions will be submitted to the Second Circuit." (No. 09-CV-6054, Docket No. 24, at 1.) However, only in 09-CV-6287, another petition for a writ of *habeas corpus*, does there appear a Notice of Appeal. As the Second Circuit wrote in *S.E.C. v. American Bd. of Trade, Inc.*, 829 F.2d 341 (2d Cir. 1987):

> Although the filing of a timely and sufficient notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*), the filing of a notice of appeal from an order that is not appealable does not divest the district court of such jurisdiction. *See, e.g., Doucet v. Gulf Oil Corp.*, 783 F.2d 518, 526 (5th Cir.), *cert. denied*, --- U.S. ----, 107 S.Ct. 272, 93 L.Ed.2d 249 (1986); *Ore & Chem. Corp. v. Stinnes Interoil, Inc.*, 611 F. Supp. 237, 239 (S.D.N.Y. 1985).

*S.E.C. v. American Bd. of Trade, Inc.*, 829 F.2d 341, 344 (2d Cir. 1987). Accordingly, only in case number 09-CV-6287 does the Court find a notice of appeal that arguably divests the Court of jurisdiction of the matter under appeal. Such is not the situation in this case. Here, Plaintiff has evidently filed a petition for a *writ of mandamus* with the Second Circuit. In such a situation, the law does not clearly indicate that jurisdiction over the underlying action, especially where there is a Rule 60 motion pending, shifts exclusively to the appellate court. In that regard, the Court notes that in *Aref v. United States*, 452 F.3d 202 (2d Cir. 2006), the Court of Appeals wrote:

> Our jurisdiction to entertain a petition for mandamus is rooted in the All Writs Act, *Silverman v. NLRB*, 543 F.2d 428, 430 (2d Cir. 1976), which provides that "all courts established by Act of Congress may issue all writs

> necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (emphasis added). This grant of jurisdiction is construed narrowly. *See Netherlands Shipmortgage Corp. v. Madias*, 717 F.2d 731, 733 (2d Cir. 1983); see also United States v. Victoria-21, 3 F.3d 571, 575 (2d Cir. 1993) (describing "Congress' unquestionable intent to limit appellate jurisdiction over interlocutory orders"). Accordingly, this Court may not issue writs except those which aid our jurisdiction-which is appellate in nature.

*Aref*, 452 F.3d at 205. In this case, the Court, after reviewing Plaintiff's Request for Adjournment (Docket No. 93) ("Request"), which the Court interprets as notice that Plaintiff is seeking a writ of mandamus from the Second Circuit, it does not appear that the Second Circuit will have jurisdiction to grant the writ. First, the Request seeks to bring a motion to change venue to the appellate court in the first instance, and, second, states that a notice of appeal will be filed with regard to the Court's Decision and Order in *another* case (09-CV-6287), not any order filed in this case. The Request further discusses what amounts to a motion to reconsider the Court's prior Decision and Order in 09-CV-6287, Plaintiff's *habeas* case, challenging the Court's characterization of Plaintiff's challenge to the New York State Criminal Procedure Law § 330.20 Order of Conditions as a collateral attack. This case, however, is not involved in the *habeas* case. Even if it were, however, the Court does not believe that the Second Circuit would divest it of jurisdiction in this case.

By his Request, Plaintiff sought a stay on all of his cases pending in the Western District of New York "until the Second Circuit rules on my motion for a change of venue." (Request at 2.) The venue statute, however, gives the *district* court the authority to determine proper venue in the first instance. 28 U.S.C. § 1404. In *A. Olinick and Sons v. Dempster Bros., Inc.*, 365 F.2d 439 (2d Cir. 1996), the Second Circuit, reviewing a district court's

decision on a change of venue motion, held, "[w]e agree with the Third and the Sixth Circuits that § 1292(b) is not available as a means to review *the grant or denial* of § 1404(a) motions for incorrect evaluation of proper factors." *Id*. at 443. The Court's research has turned up no case that indicates a *writ of mandamus* is the appropriate means to *initially* address a change of venue or to seek recusal of the presiding judge. Accordingly, the Court believes the Second Circuit will deny the petition for a *writ of mandamus* in *Justice v. Graham* and, consequently, the case will remain in this Court pending the outcome of the various applications, as well as any additional ones the parties present. Therefore, Plaintiff has no basis to further delay the scheduled Rule 16 conference.

The Court also notes that in his October 12, 2009, letter request, to adjourn the Rule 16 conference, Plaintiff states, upon information and belief, that "Judge Siragusa's son, Assistant Attorney General Michael A. Siragusa, has ties to felon sex offender Ronald H. Tills." (Letter from John D. Justice to the Court (Oct. 12, 2009), at 2.) Plaintiff's information is incorrect. There is no relationship by blood or marriage between the undersigned and Michael A. Siragusa.

## CONCLUSION

Accordingly, Plaintiff's application (Docket No. 98) seeking to overturn Judge Payson's decision is denied and the scheduling conference may go forward as previously ordered.

IT IS SO ORDERED.

Dated: October 27, 2009
      Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge