# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

JOHN D. JUSTICE,

                                 Plaintiff,

-vs-

TERRY KING, *et al.*

                                Defendants.

DECISION and ORDER
08-CV-6417-CJS

**Siragusa, J.** This prisoner civil rights case is before the Court on Plaintiff's motion (Docket No. 103) for relief from the Court's Decision and Order (Docket No. 100) upholding U.S. Magistrate Judge Marion W. Payson's decision to deny Plaintiff's motion to stay all proceedings in this case pending a decision by the U.S. Court of Appeals for the Second Circuit on his application for a writ of mandamus pursuant to Federal Rule of Appellate Procedure 21(c). For the reasons stated below, the motion is denied.

## STANDARDS OF LAW

Since the Federal Rules of Civil Procedure do not expressly provide for motions to reconsider, such an application may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)."The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Plaintiff has specifically brought his motion under Federal Rule of Civil Procedure

60. That Rule provides allows the court to correct a clerical mistake or one arising from oversight or omission in an order.

## ANALYSIS

Plaintiff argues in his Rule 60 motion that because he has invoked the jurisdiction of the Second Circuit in *Justice v. Graham*, No. 09-CV-6287 (W.D.N.Y. Aug. 24, 2009), that jurisdiction is necessarily invoked for all of Plaintiff's cases in the Western District. As authority, he cites to Federal Rule of Appellate Procedure 21(c), which provides in part as follows: "A party petitioning for a writ of mandamus or prohibition directed to a court must file a petition with the circuit clerk with proof of service on all parties to the proceeding in the trial court. The party must also provide a copy to the trial-court judge." Plaintiff's Request for Adjournment (Docket No. 93, filed on Aug. 12, 2009) does not contain a copy of the petition. Additionally, the docket contains no indication that the parties to this litigation have been served.

Plaintiff also relies on language from *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655 (1978): "There can be no doubt that, where a district court persistently and without reason refuses to adjudicate a case properly before it, the court of appeals may issue the writ 'in order that [it] may exercise the jurisdiction of review given by law.'" *Id*. at 665 (quoting *Insurance Co. v. Comstock*, 16 Wall. 258, 270 (1873)). Plaintiff maintains that the Court made a clear error in its decision in *Justice v. Graham*, 09-CV-6287, and, therefore, he is seeking a change of venue from the Court of Appeals. It is well settled that both a motion for recusal and a motion for change of venue are addressed to sound discretion of the district court in the first instance. 28 U.S.C. § 455 (1990); *United States v. Thompson*, 76

F.3d 442, 451 (2d Cir. 1996) ("We review a district judge's denial of a recusal motion for abuse of discretion."); 28 U.S.C. § 1404 (1996) (change of venue). As Supreme Court held in *Will v. Calvert Fire Ins. Co.*, cited by Plaintiff, where a district court *persistently* and *without reason refuses* to adjudicate a case before it, a writ of mandamus may properly issue from the appellate court. Such is not the situation here. On August 12, 2009, Plaintiff filed a "Motion for Relief From Order (FRCP 60)" in *Justice v. Graham*, No. 09-CV-6287 (W.D.N.Y.) (Docket No. 10), which is still pending before this Court. In addition, Plaintiff filed a notice of appeal in that case, and the Clerk of the District Court has already sent the record on appeal to the Second Circuit.

## CONCLUSION

Plaintiff's motion (Docket No. 103) for relief from the Court's Decision and Order (Docket No. 100) is denied. An appeal from this Decision and Order would not be taken in good faith, and the Court therefore denies Plaintiff's request for a certificate of appealability. Any motion for *in forma pauperis* relief for the appellate case must be made on motion to the U.S. Court of Appeals for the Second Circuit pursuant to Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: November 19, 2009
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge