UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN D. JUSTICE,

                     Plaintiff,

                v.

TERRY KING, et al.,

                     Defendants.
_____

**DECISION & ORDER** and
**REPORT & RECOMMENDATION**

08-CV-6417CJS

## PRELIMINARY STATEMENT

By order dated November 25, 2008, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 38). Plaintiff John D. Justice ("Justice") has filed this *pro se* action alleging that defendants conspired to violate his constitutional rights. (Docket # 22).

Justice's complaint is ninety-two pages in length, names thirteen defendants and alleges seven causes of action, some of which are asserted on behalf of a putative class. (*See* Docket # 22). One claim alone, purportedly brought under the civil racketeering statute, spans fifty-five pages and alleges that the New York State Division of Parole, Saving Grace Ministries and other defendants conspired together to award, through bribery and other criminal acts, state contracts to Saving Grace Ministries and Terry King to operate halfway houses for persons under parole supervision. (*Id.*, Count Six). Among other claims in his complaint, Justice alleges that he was illegally placed under the supervision of the New York State Office of Mental Health

following his release on parole. (*Id*., Counts One and Two). He also contends that he was forced to participate in Christian activities at Saving Grace Ministries in violation of his First Amendment rights. (*Id*., Count Three). Further, Justice contends that Saving Grace Ministries was not licensed to and did not provide the mental health services that he required upon release from prison, and that various other defendants were deliberately indifferent to his serious mental health needs. (*Id*., Counts Four and Five).

Since this action was commenced, plaintiff has filed approximately sixty motions, over forty of which remain pending. A review of the docket reveals that despite Justice's prolific filings, defendants have been generally responsive. Defendants have answered the complaint (Docket ## 16, 36, 42-48, 72, 76, 111, 136), have responded to Justice's motions (Docket ## 28, 54, 55, 83, 88, 123, 141, 142, 143) and have responded to Justice's numerous and voluminous requests for discovery (Docket ## 158, 160, 168, 169, 180, 187-97, 203, 207, 208, 211-13, 216, 219, 220, 222, 224-28, 230, 231, 243-48, 257, 263, 264, 267-79, 288-96, 300-302, 308-311).

Citing the numerous pending motions, on October 13, 2010, United States District Judge Charles J. Siragusa appointed counsel to represent Justice. (Docket # 312). Thereafter, the appointed attorney moved to withdraw as counsel. (Docket # 314). Judge Siragusa recently granted that application and appointed a second attorney to represent Justice, again noting the dozens of motions pending in this case, as well as the fact that "this case involves complex issues of the interplay between New York criminal law, and New York's supervision of individuals found not guilty by reason of insanity." (Docket # 322). Judge Siragusa directed plaintiff's new counsel to review the file and contact the court by April 11, 2011 to request a date for a status conference to discuss further proceedings in the case. (*Id*.).

This decision seeks to resolve or to make recommendations concerning ten of the pending motions in this case, specifically, Docket Nos. 130, 131, 167, 183, 201, 215, 237, 238, 240 and 254.

## REPORT & RECOMMENDATION

**Motions to Supplement the Complaint (Docket ## 130, 131, 237)**

Justice initiated this action on May 9, 2008. (Docket # 1). Shortly thereafter, he filed a document styled as a "verified amended complaint" asserting claims only against a new defendant whom Justice wished to add to the action. (Docket # 8). On August 1, 2008, United States District Judge David G. Larimer rejected Justice's amended complaint as incomplete and directed plaintiff to file an amended complaint including all of his claims for relief against all of the defendants named.[1] (Docket # 11). In accordance with Judge Larimer's direction, on September 4, 2008, Justice filed another amended complaint. (Docket # 22).

Justice then filed two motions to supplement the complaint, but thereafter sought to withdraw those motions, explaining that he believed they reflected legal errors. (Docket ## 112, 114, 118, 119, 125). On March 27, 2010, this Court granted plaintiff's request to withdraw his motions and advised Justice that any motion to supplement the complaint "must be accompanied by a proposed amended or supplemental pleading, which shall contain a '*short* and *plain* statement of the claim showing that the pleader is entitled to relief.'" (Docket # 129 at 8 (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis in original)).

---

[1] An identical order was issued on August 25, 2008. (Docket # 14).

Justice filed the instant motions on March 15, 2010, March 16, 2010 and August 19, 2010. (Docket ## 130, 131, 237). The first proposed supplement consists of 216 handwritten pages, exceeding his first amended complaint by over 100 pages. (Docket # 130). The second proposed supplement – the RICO case statement required by this Court's Local Rules then in effect – comprises 46 pages. (Docket # 131). The third proposed supplement consists of 148 pages, which plaintiff represents contains only "minor amendments." (Docket # 237 at 4).

Each of Justice's three motions to supplement his complaint clearly fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rules further direct that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). As the Second Circuit has observed, "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). *See also Ceparano v. Suffolk Cnty.*, 2010 WL 5437212, *3 (E.D.N.Y. 2010) ("prolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble [are] routinely dismissed"). Justice's amended complaint is already ninety-two pages in length; any of his proposed supplements, whether taken together or separately, would make even more unwieldy Justice's already prolix and rambling complaint. On this basis alone his motions should be denied. *See Ceparano v. Suffolk Cnty.*, 2010 WL 5437212 at *3 (collecting cases dismissing complaints, including *pro se* complaints, ranging from 58 to 200 pages). Considering that counsel recently has been appointed to represent Justice, however, I recommend that the district court deny Justice's motions to supplement the complaint

without prejudice to refiling in revised form by counsel by a deadline to be determined by the Court at the first status conference.

### DECISION & ORDER

I. **Motion for Judicial Notice (Docket # 167)**

Justice requests that the Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence that defendant KC Sharma is not credible. (Docket # 167 at ¶ 10). Specifically, Justice has attached a state court decision that he contends demonstrates that Sharma is a "liar." (*Id*. at ¶ 6). Rule 201 provides that "[a] judicially noticed fact must be one not subject to reasonable dispute." Fed. R. Evid. 201(b). A witness's or defendant's credibility is not a proper subject for judicial notice; rather, that determination resides with the jury. *See United States v. Strauss*, 999 F.2d 692, 696 (2d Cir. 1993) ("the jury is exclusively responsible for determining a witness' credibility") (citing *United States v. Roman*, 870 F.2d 65, 71 (2d Cir. 1989)). Accordingly, Justice's motion for judicial notice (Docket # 167) is denied.

II. **Discovery Motions (Docket ## 201, 215, 238, 240, 254)**

    A. **Docket # 201**

In the first of these motions, Justice seeks sanctions on the grounds that defendant King did not timely respond to Justice's requests for admissions mailed on May 27, 2010. (Docket ## 201, 242). Upon review of the docket, this Court finds that defendants' responses, filed on July 1, 2010 (Docket # 180), were timely. *See* Fed. R. Civ. P. 6(d) (extending deadlines

by three days where party is served by mail). Accordingly, Justice's motion for sanctions (Docket # 201) is denied.

### B. Docket # 240

Justice also seeks an order compelling defendants Russi, Sears, Miraglia and Grace to respond to interrogatories, requests for production and requests for admissions served in June 2010. (Docket # 240). These requests have been identified as Docket Nos. 175, 177, 179, 185 and 186. The docket reveals that defendants Russi, Sears, Miraglia and Grace have filed responses to the above-listed discovery requests. (Docket ## 224-228, 243, 289, 302). Accordingly, Justice's motion to compel (Docket # 240) is denied as moot.

### C. Docket # 238

Justice also seeks sanctions against defendants King and Saving Grace Ministries on the grounds that their responses to certain discovery requests and obligations were "fraudulent, and frivolously interposed, with criminal intent."[2] (Docket # 238 at ¶ 3). The disclosures and discovery responses referenced in Justice's motion have been identified as Docket Nos. 180, 215, 216, 220, 221 and 222. A review of those responses reveals that defendants have failed to provide any document discovery as ordered by the Court in its original scheduling order (Docket # 146), have objected to nearly every interrogatory and document request on the basis of vagueness and irrelevance (*see* Docket ## 215, 220-22), but have responded, for the most part, to his requests for admissions, numbering 168 in total (Docket

---

[2] That motion also requests that the Court schedule a settlement conference. To date, none of the defendants have expressed interest in exploring a negotiated resolution. Accordingly, Justice's motion for a settlement conference is denied.

## 180, 215, 216). As to the latter, Justice challenges King's relevance objections to certain of the requests. (Docket # 238 at 5).

The record as it has been developed thus far does not establish that the information sought through the challenged requests for admission is indeed relevant to Justice's claims, *see* Fed. R. Civ. P. 26(b)(1), rather than to various isolated (and, in some cases, seemingly speculative and inflammatory) allegations he makes in the course of his prolix complaint. That the information sought may relate to allegations in a plaintiff's complaint that themselves are not relevant to his legal claims does not make the information discoverable.

With respect to Justice's request for sanctions due to the alleged inadequacy of defendants' responses to interrogatories and document demands, that issue is not ripe for determination. Justice has not certified, as Rule 37 requires, that he made a good faith attempt to confer with defendants' counsel about the adequacy of the responses prior to filing the motion. *See* Fed. R. Civ. P. 37(d)(1)(B). Accordingly, Justice's motion for sanctions (Docket # 238) is denied without prejudice.

With respect to defendants' failure to comply with this Court's directive in its original scheduling order to produce any documents prepared by New York State employees "in connection with the events from which plaintiff's claims arose" (*see* Docket # 146), I direct counsel for defendants to confer with Justice's newly-appointed counsel concerning their obligation to provide such documents. Their failure to produce any such documents on the grounds of the "unspecified nature of [plaintiff's] allegations" is unjustified. After all, they answered Justice's complaint and interposed various affirmative defenses, and did not move to

dismiss for failure to state a claim. Such documents shall be produced by no later than sixty days from the date of this Order.

### D. Docket # 254

Finally, Justice has filed a motion to compel further responses to requests for production by defendants King, Saving Grace Ministries, Russi, Miraglia and Grace. (Docket # 254). Justice's affidavit accompanying the motion again fails to include the required certification that he made a good faith attempt to confer with counsel concerning the alleged deficiencies prior to filing the motion. *See* Fed. R. Civ. P. 37(a)(1). Accordingly, Justice's motion to compel (Docket # 254) is denied on that basis. After reviewing the case and conferring with her client and opposing counsel, Justice's counsel may file any motions to compel, including any relating to the discovery responses challenged herein, on a schedule to be set by the Court.

### E. Docket # 215

Finally, I address a motion filed by defendants King and Saving Grace Ministries for a two-day extension of the time within which to respond to certain discovery demands. (Docket # 215). According to defendants, Justice served interrogatories and requests for admissions that required responses by July 26, 2010. (Docket # 215-2 at ¶ 3). Two days after that deadline, defendants moved for leave to respond belatedly, attaching the required responses as exhibits to their motion. (Docket # 215, Exs. A-C). Although Justice opposes defendants' motion on the basis that the responses are "fraudulent" and "interposed with criminal intent" (Docket # 253 at ¶¶ 7-8), this Court can discern no prejudice that would result from the requested two-day extension. *See Sea-Land Svc., Inc. v. Citihope Int'l, Inc.*, 176 F.R.D. 118, 121

(S.D.N.Y. 1997) ("danger of prejudice" must be considered when determining whether to extend the time to respond to a discovery request). Accordingly, defendants' motion for an extension of time to respond to Justice's discovery demands (Docket # 215) is granted.

III. **Motion to Stay Discovery by Defendant Tills (Docket # 183)**

Defendant Ronald Tills ("Tills"), a former New York State Supreme Court Justice, has moved to stay discovery pending a decision on his motion to dismiss the complaint. (Docket # 183). Tills filed the motion to dismiss on March 11, 2009 (Docket # 67) and the instant motion on July 13, 2010 (Docket # 183). Tills seeks a stay on the basis that responding to Justice's discovery requests would be "prejudicial." (*Id*. at ¶ 14). According to Tills, in addition to interrogatories and requests for admissions that have been filed (Docket ## 172, 177), Justice also has served him with a second set of requests for admissions that does not appear on the docket. (Docket # 183 at ¶ 10). Justice opposes a stay. (Docket # 233).

A district court may stay discovery during the pendency of a motion to dismiss for good cause shown pursuant to Federal Rules of Civil Procedure 26(c). *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, *1 (S.D.N.Y 2009); *Chesney v. Valley Stream Union Free Sch. Dist.*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). "In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076 at *1. In addition, when suing public officials who may be immune from suit, such as judges, a "plaintiff must make a specific showing of need before discovery of officials, apparently immune from suit, may

be had" because "[t]o permit the continuation of groundless litigation discourages these officials from vigorously and fearlessly performing their duties, thus distorting the proper functioning of the legal system and disserving the broader public interest." *Campbell v. Hay*, 1985 WL 1691, *3 (S.D.N.Y. 1985) (granting stay of discovery pending motion to dismiss by defendant judges).

Here, Tills seeks to dismiss the claims asserted against him in his official capacity on Eleventh Amendment grounds and the claims against him in his individual capacity on the basis of absolute immunity. (Docket # 68). Upon review, I find that Tills's motion to dismiss appears to have merit. *E.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (Eleventh Amendment proscribes claims for damages against state officials in their official capacity); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (absolute immunity shields judges from liability for judicial acts). Further, Justice has made no showing of specific need for the discovery requested from Tills, and the discovery sought seeks information about Till's judicial decision-making. Balancing these considerations, I conclude that a stay pending decision on Tills's motion to dismiss is appropriate and thus grant defendant's motion to stay (Docket # 183).

## CONCLUSION

For the reasons stated above, I recommend that the district court deny without prejudice to renewal by plaintiff's counsel his motions to supplement his complaint (Docket ## 130, 131, 237). Further, plaintiff's motion for judicial notice **(Docket # 167)** is **DENIED**; plaintiff's motion for sanctions **(Docket # 201)** and motion to compel **(Docket # 240)** are **DENIED**; and, plaintiff's motions to compel and for sanctions **(Docket ## 238, 254)** are **DENIED without prejudice to renewal by counsel**. Defendants' motion for two-day extension

of time to respond to discovery requests **(Docket # 215)** is **GRANTED**.  Defendant Tills's motion for a stay of discovery **(Docket # 183)** is **GRANTED**.

**IT IS SO ORDERED.**

                                                          *s/Marian W. Payson*
                                                          MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
       March   24  , 2011

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                                   *s/Marian W. Payson*
                                                       MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
        March   24  , 2011