UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN D. JUSTICE,

                              Plaintiff,

                v.

TERRY KING, et al.,

                              Defendants.

_____

                              DECISION & ORDER

                              08-CV-6417CJS

       By order dated November 25, 2008, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 38). Plaintiff John D. Justice ("Justice") has filed this *pro se* action alleging that defendants conspired to violate his constitutional rights. (Docket # 22).

       This decision and order sets out to resolve another ten outstanding discovery motions filed by Justice. (Docket ## 262, 265, 276, 281, 284, 286, 297, 299, 303, 305). Since this action was commenced, Justice has filed approximately sixty motions, eleven filed in the last four months alone; approximately thirty-eight motions remain pending. The motions addressed in the instant decision are all motions to compel and for sanctions filed by Justice, reflecting his dissatisfaction with defendants' responses to his discovery requests. As previously noted, a review of the docket reveals that defendants have largely responded to Justice's numerous and voluminous requests for discovery. (Docket ## 158, 160, 168, 169, 180, 187-97, 203, 207, 208, 211-13, 216, 219, 220, 222, 224-28, 230, 231, 243-48, 257, 263, 264, 267-79, 288-96, 300-302,

308-311, 336-44, 349, 353, 354, 359, 360, 369, 371-83, 389). This represents over eighty responses filed in connection with Justice's discovery requests.

Citing the numerous pending motions, on October 13, 2010, United States District Judge Charles J. Siragusa appointed counsel to represent Justice. (Docket # 312). Thereafter, the appointed attorney moved to withdraw as counsel. (Docket # 314). Judge Siragusa granted that application and appointed a second attorney to represent Justice, again noting the dozens of motions pending in this case, as well as the fact that "this case involves complex issues of the interplay between New York criminal law, and New York's supervision of individuals found not guilty by reason of insanity." (Docket # 322). Judge Siragusa then granted that counsel's motion to withdraw on the basis of a conflict of interest on May 10, 2011. (Docket ## 325, 327). On September 8, 2011, Judge Siragusa appointed a third attorney to represent Justice and ordered counsel to contact the Court by October 3, 2011 to request a status conference. (Docket # 393).

The motions that this decision sets out to resolve all precede the first appointment of counsel. As previously noted, Justice's complaint is prolix and asserts wide-ranging conspiracy claims. A review of Justice's pending motions to compel reveals that many of them are argumentative and indecipherable, and seek to compel responses to numerous discovery requests from multiple defendants. Thus, most of Justice's motions seek omnibus relief. In several, Justice complains about defendants' objections or allegedly inadequate responses to his discovery requests, which a review reveals are also argumentative, prolix and often indecipherable. In addition, because of the unwieldiness of Justice's complaint,[1] it is often

---

[1] On April 14, 2011, Judge Siragusa adopted my report and recommendation that Justice's motion to supplement his complaint be denied without prejudice to refiling in revised form by counsel. (Docket # 326).

difficult to determine if the information or documents he has requested are relevant to his claims. Thus, the record as it has been developed thus far does not establish that the information sought through many of Justice's requests are indeed relevant to his claims, *see* Fed. R. Civ. P. 26(b)(1), rather than to various isolated (and, in some cases, seemingly speculative and inflammatory) allegations he makes in the course of his prolix complaint. That the information sought may relate to allegations in a plaintiff's complaint that themselves are not relevant to his legal claims does not make the information discoverable.

Although Justice frequently wrote to opposing counsel where discovery responses were still outstanding,[2] he failed, as Rule 37 requires, to make good faith attempts to confer with defendants' counsel prior to filing motions challenging the adequacy of their responses.[3] *See* Fed. R. Civ. P. 37(a)(1), (d)(1)(B). Had Justice conferred with counsel prior to filing the motions, some might have been avoided. For example, Justice seeks to compel a response from defendant Richard Miraglia to his third request for production. (Docket # 303). Upon review of the docket, this Court has been unable to find Justice's third request for production to Miraglia. Thus, if it is not on the docket, perhaps Miraglia never received it. Had Justice written to counsel, the apparent dispute may have been resolved with Justice serving the request again.

Similarly, Justice seeks sanctions against defendant Terry King and counsel on the basis that Justice did not receive King's response to his First Request for Admissions, which has been filed with this Court. (Docket ## 262, 180). In my previous decision, I noted that King had responded to the request. (Docket # 324). Justice could have avoided motion practice simply by

---

[2] *See* Docket ## 284, 303, 305.

[3] *See* Docket ## 265, 276, 281, 284, 397, 303, 305.

notifying counsel that he had not received the referenced response. Instead, Justice has filed a motion accusing counsel of perjury and seeking an evidentiary hearing in order to prove that Justice never received King's response. (Docket # 262). Justice's request for an evidentiary hearing is denied, and this Court has attached to this decision and order a copy of King's response to Justice's First Request for Admissions (Docket # 180) so that Justice may review it.

Accordingly, because of the argumentative content of his motions and Justice's failure to comply with the meet and confer requirements of Rule 37, the following motions challenging the adequacy of certain discovery responses, with the limited exceptions as set forth below, are denied without prejudice to renewal: Docket ## 262, 265, 276, 281, 284, 297, 303, 305.[4] The attendant requests for sanctions are also denied. After reviewing the case and conferring with his client and opposing counsel, Justice's counsel may file any motions to compel, including any relating to the discovery responses challenged herein, on a schedule to be set by the Court.

In addition, several of Justice's motions seeking responses are now moot. For example, Justice contends that defendant Miraglia failed to respond to a second set of interrogatories and that defendant Samant failed to answer a second set of interrogatories and a first request for production. (Docket # 284 at ¶ 3). Review of the docket reveals that Miraglia and Samant did respond to those requests. (*See* Docket ## 273, 290, 294). The same occurred in Justice's motion to compel responses to various, multiple requests from defendants Ken Wilson, Tom Tortora, Richard Miraglia and Jeffrey Grace. (Docket # 303). A review reveals that those

---

[4] Docket ## 284 and 305 are denied in part on this basis and in part as moot, and granted in part as discussed below. Docket # 303 is also denied in part as moot as discussed below.

defendants have filed responses to the identified requests. (*See* Docket ## 249, 277, 278, 291 and 309). Thus, those motions are denied in part as moot.

The following discovery requests by Justice are granted in part. Defendants are directed to supplement their responses by no later than **October 14, 2011**.

First, Justice seeks to compel a response from defendant Richard Miraglia to his second request for production, contained in Docket # 234. (Docket # 284). Upon review of the docket, this Court was unable to find Miraglia's response to the second request for production. Justice further asserts that he wrote to counsel regarding this deficiency prior to filing the motion, satisfying his Rule 37 obligation. (Docket # 284 at 3). Accordingly, Justice's motion to compel Miraglia's response to the second request for production is granted; his request for sanctions, however, is denied.

Second, Justice seeks to compel a response from defendant Saving Grace Ministries to his Third Request for Production, contained in Docket # 256. (Docket # 305). A review of the record reveals that Saving Grace attempted to file a response to this request, but mistakenly filed its response to Justice's third request for interrogatories. (Docket # 292). In addition, Justice has represented that he wrote to counsel regarding this deficiency prior to filing the motion, satisfying his obligation under Rule 37. (Docket # 305 at 3). Accordingly, Saving Grace is directed to file a corrected response to Justice's Third Request for Production.

The following motions seek relief other than to compel production or for sanctions and must be denied. I address each one below.

First, Justice seeks an evidentiary hearing in order to establish that defendant Eugenio Russi's responses to certain interrogatories are false. (Docket # 265 at 7). As discussed

above, it is not evident that Justice's interrogatories seek relevant information. In any event, there is no precedent for conducting an evidentiary hearing to test the veracity of a discovery response. Thus, Justice's motion is denied.

Second, Justice seeks to impeach defendants Terry King, Eugenio Russi and Ken Wilson on the basis of alleged perjury contained in their discovery responses. (Docket # 299). A determination of a witness's or defendant's credibility resides with the jury. *See United States v. Strauss*, 999 F.2d 692, 696 (2d Cir. 1993) ("the jury is exclusively responsible for determining a witness' credibility") (citing *United States v. Roman*, 870 F.2d 65, 71 (2d Cir. 1989)). Accordingly, Justice's motion to impeach (Docket # 299) is denied.

Finally, Justice challenges the sufficiency of certain of defendant Miraglia's responses to his second and third requests for admissions. (Docket # 286). I have reviewed the challenged responses. I find that all of them are adequate except requests numbered 16 and 17 in the third set of requests for admissions, which seek admissions regarding a CPL 330.20(6) Commitment Order. (*See* Docket # 248). Miraglia responded that he could not answer these requests without knowing the date of the referenced order (*id.*), but Justice has now clarified that the relevant date is February 20, 1987 (Docket # 286). Accordingly, defendant Miraglia shall revise his response to the referenced requests by no later than **October 14, 2011**.

## CONCLUSION

For the reasons stated above, Justice's motions to compel **(Docket ## 284, 305)** are **GRANTED in PART and DENIED in PART**. Justice's motion to determine the sufficiency of defendant Miraglia's response to his second and third requests for admissions

**(Docket # 286)** is **GRANTED in PART and DENIED in PART**. Defendants shall file their responses by no later than **October 14, 2011**. Justice's motions **(Docket ## 262, 265, 276, 281, 297, 299, 303)** are **DENIED without prejudice** in their entirety.

**IT IS SO ORDERED.**

                                                      *s/Marian W. Payson*
                                                      MARIAN W. PAYSON
                                                      United States Magistrate Judge

Dated: Rochester, New York
        September  26 , 2011